# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WESTERN HOLSTEIN FARMS, INC., <br><br> Defendant. | CASE NO. C18-1494JLR <br><br> ORDER DENYING WITOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

Before the court is Plaintiff Northwest Administrators, Inc.'s ("Northwest Administrators") motion for default judgment against Defendant Western Holstein Farms, Inc. ("Western Holstein"). (Mot. (Dkt. # 7).) The court has reviewed the motion and Northwest Administrators' submissions in support of the motion. (*See id.*; *see also* Reid Decl. (Dkt. # 7-1); Schumacher Decl. (Dkt. # 8).) For the reasons discussed below, the court DENIES the motion without prejudice.

//

ORDER - 1

The Local Civil Rules provide that a "[p]laintiff must support a motion for default judgment with a declaration and other evidence establishing [the] plaintiff's entitlement to a sum certain." *See* Local Rules W.D. Wash. LCR 55(b)(2). Specifically, the plaintiff must "provide a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim." *Id.* LCR 55(b)(2)(A). Local Rule 55 imposes a heavy evidentiary burden on a party seeking entry of default judgment because such relief is obtained without the benefit of the adversarial process. *See, e.g.*, *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C09-1585JLR, 2011 WL 13190117, at *2 (W.D. Wash. Mar. 7, 2011).

In reviewing Northwest Administrators' supporting materials, the court observed several errors. First, Mr. Schumacher's declaration states that the Western Conference of Teamsters Pension Trust Fund ("the Trust"), for which Northwest Administrators is the authorized administrative agent, "determined that the amount of the Defendant's liability for withdrawal [from the Trust] was $48,601.65.00." (Schumacher Decl. ¶ 12.) To support this proposition, Mr. Schumacher cites Exhibit C to his declaration, a billing worksheet that states that Western Holstein's withdrawal liability is $116,063.06, not $48,601.65.00. (Schumacher Decl. ¶ 12, Ex. C at 1.) Additionally, Northwest Administrators' proposed order provides that Western Holstein's withdrawal liability is $16,063.61. (Prop. Order (Dkt. # 7-2).) These errors undermine the court's confidence in the accuracy of Northwest Administrators' submissions.

//

Moreover, the court finds that Exhibit H to Mr. Schumacher's declaration requires additional explanation. (*See* Schumacher Decl. ¶ 22, Ex. H ("Withdrawal Liability Worksheet").) Mr. Schumacher alleges in his declaration that Western Holstein failed to make any payments on its withdrawal liability after receiving the Trust's July 20, 2018, demand letter. (Schumacher Decl. ¶¶ 16-20.) Yet, the second page of the Withdrawal Liability Worksheet provided in Exhibit H suggests that Western Holstein made "11 [p]ayments," totaling $86,360.23, between June 10, 2018, and April 10, 2019. (Withdrawal Liability Worksheet at 71.[1]) Absent further explanation from Northwest Administrators, the court cannot reconcile the above-mentioned statements in Mr. Schumacher's declaration with the second page of the Withdrawal Liability Worksheet. (*See id.*; Schumacher Decl. ¶¶ 16-20.)

In light of the heavy evidentiary burden imposed by Local Rule 55, *see* Local Rules W.D. Wash. LCR 55(b)(2), the court directs Northwest Administrators to correct these errors or provide a detailed explanation as to why the identified deficiencies are not errors. The court also directs Northwest Administrators to scrupulously review its entire submission for accuracy prior to refiling an amended motion for default judgment.

Based on the foregoing analysis, the court DENIES Northwest Administrators' motion for default judgment (Dkt. # 7) without prejudice to refiling with the corrections

//

//

---

[1] The court cites the page number at the bottom-right corner of the document.

discussed herein. The court ORDERS Northwest Administrators to file an amended motion for default judgment within 14 days of the date of this order.

Dated this 24th day of April, 2019.

The Honorable James L. Robart
U.S. District Court Judge

ORDER - 4