# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WESTERN HOLSTEIN FARMS, INC., <br><br> Defendant. | CASE NO. C18-1494JLR <br><br> ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT |

Before the court is Plaintiff Northwest Administrators, Inc.'s ("Northwest Administrators") amended motion for default judgment against Defendant Western Holstein Farms ("Western Holstein"). (Am. Mot. (Dkt. # 10); *see also* Praecipe (Dkt. # 12).) The court has reviewed the motion and Northwest Administrators' submissions in support of the motion. (*See* Am. Mot.; *see also* Am. Reid Decl. (Dkt. # 10); Am. Schumacher Decl. (Dkt. # 11).) For the reasons discussed below, the court DENIES the motion without prejudice.

ORDER - 1

1       On April 24, 2019, the court denied Northwest Administrators' motion for default judgment. (4/24/18 Order (Dkt. # 9).) The court expressly noted that the second page of Exhibit H to Jeremy Schumacher's declaration ("the Interest Worksheet"), a worksheet that purports to calculate the interest Western Holstein owes the Western Conference of Teamsters Pension Trust Fund ("the Trust"), "requires additional explanation." (*Id.* at 3; *see also* Schumacher Decl. (Dkt. # 8) ¶ 20, Ex. H ("Interest Worksheet") at 71.[1]) The court explained that, although Mr. Schumacher states in his declaration that Western Holstein failed to make any payments on its withdrawal liability after receiving the Trust's July 20, 2018, demand letter, the Interest Worksheet appears to suggest that Western Holstein did in fact make several installment payments between June 10, 2018, and April 10, 2019. (4/24/18 Order at 3.)

In conjunction with its amended motion for default judgment, Northwest Administrators submits the same Interest Worksheet, with one modification ("the Amended Interest Worksheet"). (*See* Am. Schumacher Decl. ¶ 20, Ex. H ("Am. Interest Worksheet") at 71.[2]) Whereas the Interest Worksheet originally identified "11 [p]ayments" (*see* Interest Worksheet at 71), the Amended Interest Worksheet purports to identify "11 unpaid installments" (*see* Am. Interest Worksheet at 71). Yet, just as in the original Interest Worksheet, the sixth column of the Amended Interest Worksheet specifies the number of "[d]ays [l]ate" of each installment. (*Compare* Interest Worksheet

---

[1] The court cites the page number at the bottom-right corner of the document.

[2] The court cites the page number at the bottom-right corner of the document.

at 71 *with* Am. Interest Worksheet at 71.) Likewise, the eighth column of both worksheets specifies the "[t]ime [p]eriod" associated with each installment, which, at times, appears to correlate with the number of "[l]ate" days for that installment. (*Id.*)

On its face, this information suggests that Western Holstein made several installment payments: if a payment is a specific number of "[d]ays [l]ate," and the total number of "[d]ays [l]ate" is less than the time between the date the installment was due and the date the motion for default judgment was filed, then that payment was, presumably, made. (*See* Am. Interest Worksheet at 71.) Mr. Schumacher fails to clarify this ambiguity. (*See generally* Am. Schumacher Decl.) Moreover, Mr. Schumacher fails to explain the relationship between the total alleged amount of Western Holstein's liability ($116,063.06) and the total listed at the bottom of the Amended Interest Worksheet ($86,360.23). (*See id.* ¶ 20; Am. Interest Worksheet at 71; *see generally* Am. Schumacher Decl.) The court cannot simply overlook these ambiguities, and it declines to further attempt to make sense of the Amended Interest Worksheet on its own. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

For the foregoing reasons, the court DENIES Northwest Administrators' amended motion for default judgment (Dkt. # 10) without prejudice to refiling with the corrections discussed herein. The court ORDERS Northwest Administrators to file, within 14 days of the date of this order, a second amended motion for default judgment that clarifies the import of the sixth and eighth columns of the Interest Worksheet and otherwise complies

with Local Rule 55(b).  *See* Local Rules W.D. Wash. LCR 55(b).  The court cautions Northwest Administrators that, in the interest of conserving judicial resources, the court will consider denying with prejudice the second amended motion for default judgment if it is inaccurate, insufficiently supported, or inadequately explained.

Dated this 13th day of May, 2019.

The Honorable James L. Robart
U.S. District Court Judge