UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WESTERN HOLSTEIN FARMS, INC., <br><br> Defendant. | CASE NO. C18-1494JLR <br><br> ORDER DENYING PLAINTIFF'S SECOND AMENDED MOTION FOR DEFAULT JUDGMENT AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED |

Before the court is Plaintiff Northwest Administrators, Inc.'s ("Northwest Administrators") second amended motion for default judgment against Defendant Western Holstein Farms, Inc. ("Western Holstein"). (2d Am. Mot. (Dkt. # 14).) The court has reviewed the motion and Northwest Administrators' submissions in support of the motion. (*See id.*; 2d Am. Schumacher Decl. (Dkt. # 15).) For the reasons discussed below, the court DENIES the motion without prejudice. The court further ORDERS Northwest Administrators to show cause why the court should not issue sanctions in light

of Northwest Administrators' failure to comply with the court's directives in its April 24, 2019, and May 13, 2019, orders. (4/24/19 Order (Dkt. # 9); 5/13/19 Order (Dkt. # 13).)

This is Northwest Administrators' third attempt to obtain a default judgment against Western Holstein in this matter. (*See* Mot. (Dkt. # 7); Am. Mot. (Dkt. # 10); 2d Am. Mot.) On April 24, 2019, the court denied Northwest Administrators' first motion for default judgment. (4/24/19 Order.) In so doing, the court explained why the second page of Exhibit H to Jeremy Schumacher's declaration ("the Interest Worksheet"), which purported to calculate the interest Western Holstein owed the Western Conference of Teamsters Pension Trust Fund, "require[d] additional explanation." (4/24/19 Order at 3; *see also* Schumacher Decl. (Dkt. # 8) ¶ 20, Ex. H at 71.)

In its amended motion for default judgment, Northwest Administrators failed to address the court's concerns. (*See generally* Am. Mot.; Am. Schumacher Decl. (Dkt. # 11).) In fact, Mr. Schumacher submitted the same Interest Worksheet, with a single modification. (*See* Am. Schumacher Decl. ¶ 20, Ex. H at 71.) As a result, the court denied Northwest Administrators' amended motion for default judgment. (*See* 5/13/19 Order at 3-4.) This time, the court explicitly ordered Northwest Administrators to file "a second amended motion for default judgment that clarifies the import of the sixth and eighth columns of the Interest Worksheet and otherwise complies with Local Rule 55(b)." (*Id.*); *see also* Local Rules W.D. Wash. LCR 55(b).

Once again, Northwest Administrators has failed to heed the court's directives. Rather than addressing the court's identified concerns about the Interest Worksheet, Northwest Administrators filed a revised worksheet ("the Revised Interest Worksheet")

that bears little resemblance to the Interest Worksheets that accompanied the original and amended motions for default judgment. (*Compare* 2d Am. Schumacher Decl. ¶ 22, Ex. H at 71, *with* Schumacher Decl., Ex. H at 71, *and* Am. Schumacher Decl., Ex. H at 71.) On its face, the Revised Interest Worksheet appears to support Northwest Administrators' second amended motion. But the court does not approach the Revised Interest Worksheet in a vacuum: having seen two previous versions of the worksheet, both of which were deficient (and dramatically different from the version now before the court), the court cannot simply accept the Revised Interest Worksheet at face value, absent an explanation of the revisions.

The court also observes that the Revised Interest Worksheet miscalculates the total interest Northwest Administrators claims it is due, pursuant to the interest rates listed on the worksheet. By the court's calculation, the total interest due should total $2,129.53, not $2,212.93. (*See* 2d Am. Schumacher Decl. ¶ 22, Ex. H at 71.)

Accordingly, the court ORDERS Northwest Administrators to file, within seven days of the date of this order, a third amended motion for default judgment in which it: (1) addresses each concern regarding the Interest Worksheet the court enumerated in its May 13, 2019, order; (2) comprehensively explains why Northwest Administrators revised the worksheet as it did; and (3) correctly totals the interest Northwest Administrators claims it is due. The court cautions Northwest Administrators that it may deny the third amended motion for default judgment with prejudice if the motion fails to address these issues or otherwise does not comply with the Local Rules. *See* Local Rules W.D. Wash. LCR 55(b). Furthermore, the court ORDERS Northwest Administrators to

show cause why it should not be sanctioned for failure to comply with the court's directives in its April 24, 2019, and May 13, 2019, orders.

Dated this 29th day of May, 2019.

*[signature]*

The Honorable James L. Robart
U.S. District Court Judge